United States District Court
Southern District of Texas
**ENTERED**
January 05, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-12-0457 |
| v. | § | |
| | § | CIVIL ACTION NO. H-15-2127 |
| ABDUL WAHEED ALEX SHITTU. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, a federal inmate proceeding *pro se*, filed this section 2255 motion challenging his convictions. (Docket Entry No. 48.) The Government filed a motion to dismiss on November 15, 2015, based on expiration of limitations, and served Defendant a copy at his address of record that same date. (Docket Entry No. 59.) Despite expiration of a reasonable time in excess of forty-five days, Defendant has failed to respond to the motion to dismiss, and the motion is uncontested.

Based on consideration of the pleadings, the motions, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DENIES** the section 2255 motion, as follows.

### I. BACKGROUND AND CLAIMS

On November 14, 2012, Defendant pleaded guilty to conspiracy to commit health care fraud and aggravated identity theft. On June 12, 2013, the Court sentenced Defendant to 81 months in prison. Defendant did not appeal.

The Government moves to dismiss this proceeding as barred by the applicable one-year statute of limitations. Defendant does not contest the motion.

## II. ANALYSIS

Defendant's section 2255 motion is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA provides a one-year limitation period for filing collateral challenges to federal criminal judgments. 28 U.S.C. § 2255(f). For purposes of Defendant's section 2255 motion, the one-year limitation commenced on June 28, 2013, the date on which Defendant's judgment of conviction became final, and expired one year later, on June 28, 2014. Defendant's motion, filed on July 20, 2015, is untimely.

In his motion, Defendant stated that he was unaware of "American law" and that he has a hearing impairment. These factors, however, do not excuse untimely filing and do not constitute grounds for equitable tolling. It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not justify an untimely filing. *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). *See also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that neither an inmate's *pro se* status, illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ). No grounds appear in the record or pleadings

2

warranting application of equitable tolling, and Defendant's section 2255 motion must be dismissed as barred by the one-year statute of limitations.

## III. CONCLUSION

The Government's motion to dismiss (Docket Entry No. 59) is **GRANTED**. Defendant's section 2255 motion (Docket Entry No. 48) is **DENIED**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 4th day of January, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3